EPES *et al.*

*v.*

WILLIAMS' ADM'R *et al.*

(*Supreme Court of Appeals of Virginia, April 20, 1897.*)

[27 S. E. Rep. 427.]

**Compromise—Long Acquiescence in—Setting Aside—Case at Bar.**

A compromise of a suit for settlement of a deceased guardian's account, entered into by advice of counsel, and ratified by decree, after examination and explanation of settlements of the account reported by a commissioner, and of exceptions of both parties thereto, with access to all sources of information in possession of the guardian's administrator, could not be set aside, after acquiescence for 11 years, on the ground that it was unequal and unjust, and entered into in ignorance of the facts, and of the extent of the guardian's liability, in the absence of fraud or mutual mistake.

Appeal from circuit court, Nottoway county.

Suit by Thomas P. Epes and others against James F. Epes, administrator of F. C. Williams, deceased, and others. From a decree dismissing the bill, complainants appeal. Affirmed.

*W. W. & B. T. Crump, S. S. P. Patteson,* and *E. B. Thomason,* for appellants.

*Wm. H. Mann,* for appellees.

RIELY, J., delivered the opinion of the court.

In the year 1875 the appellants, who were the complainants in the court below, brought suit against the administrator of

the late guardian of the female complainant and John L. Irby and his sureties for a settlement of his account as their guardian, and to recover the amount in which he should be found to be indebted.    Able counsel were employed on both sides, and the suit was vigorously prosecuted and earnestly defended.

The court ordered the account to be taken and settled by one of its commissioners, who did so, and reported it to the court. Exceptions being filed to the report by both sides, it was recommitted.    Several settlements of the account were made and reported to the court from time to time during the two years the cause was pending, accompanied by various alternate statements presenting the diverse views of the parties with respect to the matters in controversy.    At the April term, 1877, of the court both sides appear to have been ready for the argument of the questions at issue.    During the term, and before the hearing of the cause, the several reports made of the settlement of the account of the guardian, with the exceptions thereto, were carefully examined and considered by the counsel of the complainants, and by their advice the complainants tendered in writing to the administrator of the guardian a compromise of the matters in litigation, which he accepted.    The court entered a decree approving and ratifying the compromise, and decreeing in accordance therewith, and thereupon ordered the case to be stricken from the docket.

A further compromise was made on September 8, 1879, by the complainants with John E. Perkinson and the executor of F. W. Epes, deceased, the said Perkinson and Epes being sureties on the bond of the guardian, by which Perkinson and the estate of Epes were released from all liability on the bond of the guardian, and especially from all liability for the amount decreed against the administrator of the guardian at the April term, 1877, in pursuance of the terms of the compromise then made, and by which the complainants at the same time also removed all obstacles to the subjection of the entire estate of the guardian to the payment of their claims.

In the year 1888—11 years after the compromise of the suit brought by the complainants against the administrator of the guardian and his sureties—the complainants instituted this present suit to set aside and annul the compromise and the decree entered in pursuance of it, and to reopen and resettle the account of the guardian. In their bill they expressly state that they do not charge fraud or deceit against the administrator of the guardian or his sureties in making the compromise, though they reserved the right to amend their bill, and do so, if, in the progress of the cause, the facts developed should justify them in doing so, of which reserved right they never saw proper to avail themselves. The gravamen of the suit was that the compromise was very unequal and unjust to them, and was entered into both by them and the administrator of the guardian in ignorance of all the facts of the case, and of the extent of the real liability of the guardian.

It would not be practicable within the limits of an opinion to review at length the evidence contained in the record. It must suffice to say that it wholly fails to show that the compromise was induced by fraud or any misrepresentation or concealment on the part of the administrator of the guardian or his sureties, or that it was entered into under a mistake by the parties of any material matter. Its object and intent was to satisfy and forever settle the entire liability of the guardian and his sureties to complainants, and it was so understood by all the parties. The evidence strongly tends to prove, if it does not conclusively show, that the particular debts alleged to belong to the wards, and charged to have been unknown to the parties at the time of the compromise, and therefore claimed not to have been embraced by it, were, so far as the guardian was liable for any of them, duly accounted for to them, with the exception of the Bland debt; and this debt, the evidence tends to prove, would have been long ago collected by the original counsel of the complainants but for their action.

The objection made to the reading of the deposition of Col.

Fitzgerald, who was one of the counsel for the complainants at the time the compromise was entered into, and the counsel who was employed to bring the suit, and conducted it to its conclusion, was waived by the counsel for the appellants in the oral argument here. His deposition, together with the other testimony in the cause, sets forth fully the circumstances under which the compromise was made, and the eminent propriety of thus ending the litigation and settling the matters in controversy.

The guardian was dead. The greater part of the record of the court in which he had qualified had been destroyed, including all the ex parte accounts settled by the guardian, and such of the records as had not been destroyed were in great confusion. The complainants, when they employed counsel to sue the estate of their guardian and his sureties, could give him but little, if any, information of the standing of the account of the guardian, and he could only obtain from the commissioner who had settled the ex parte accounts of the guardian the rough drafts of some of them, but, on applying to the administrator of the guardian for information, he was furnished with every facility, and given full and free access to the books and papers of the guardian. Nothing was withheld from him or the complainants. All the information possessed by the administrator in regard to the matters in controversy was cheerfully furnished to the complainants and their counsel, and all other sources of information were as open and accessible to them as to the administrator.

The compromise was not entered into until every effort had been made to ascertain the extent of the liability of the guardian to the complainants by settlements made by a commissioner of the court, and after the several reports of the account returned to the court by the commissioner, and the various alternate statements accompanying them, and presenting the matters in controversy from different standpoints, and the exceptions taken to the reports by both sides, had been carefully examined and considered

by Col. Fitzgerald and the late Judge Irving, who had been associated with him during the progress of the cause as counsel for the complainants, and they had fully explained to the complainants the account and the questions raised to it by the exceptions and the prospect of ultimate recovery. The complainants entered into it not inconsiderately or unadvisedly, but with full knowledge of all the circumstances of the case. A compromise of an uncertain liability, entered into under such circumstances, and under the deliberate advice of counsel of such long experience and of the highest professional reputation and integrity, that has been fully executed and acquiesced in for 11 years, should not be set aside and annulled, and the matters thereby settled reopened, except upon the clearest proof of fraud, misrepresentation, concealment, or mutual mistake.

Upon a survey of the whole case as presented by the record, we are satisfied that the action of the circuit court in dismissing the bill of the complainants was plainly right. The decree appealed from must therefore be affirmed.